UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re the matter of:

ARBITRATION AWARD OF ROBERT PRESLEY OF HMP ARBITRATION ASSOCIATION DATED APRIL 18, 2019, JORGE-ALBERTO VARGAS-RIOS,

Applicant.

Case No. 1:19-cv-01592-NONE-BAM

**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO CONFIRM ARBITRATION AWARD AND TO DENY MOTION TO STRIKE**

(Doc. Nos. 1, 12.)

Applicant Jorge-Alberto Vargas-Rios, proceeding *pro se*, initiated this application to confirm a purported arbitration award against Guild Mortgage Company ("Guild Mortgage") and the United States Department of Veteran Affairs – Loan Guaranty Service ("VA").[1] (Doc. No. 1.) Applicant asserts that an arbitration award of $2,034,000.00 has been entered against Guild Mortgage, and he seeks to confirm that award under the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). (*Id.*) Guild Mortgage answered and opposed the application on December 20, 2019. (Doc. Nos. 6, 7.) Applicant moved to strike the answer and opposition on January 17, 2020. (Doc. No. 12.) The application for confirmation was referred to a United States Magistrate Judge for the issuance of findings and recommendations. (Doc. No. 33.)

[1] The Court dismissed the VA from this action on May 14, 2020, and the matter proceeds only against Guild Mortgage. (Doc. No. 25.)

Having considered the application and briefing, the Court will recommend that the application be denied. The Court will also recommend that Applicant's motion to strike Guild Mortgage's answer be denied.

**Background**

On or about February 21, 2013, Applicant borrowed $226,000 from Guild Mortgage for manufactured housing located at 2303 Hawk Free Court, Acton, California. (Doc. No. 7, Declaration of Bella Guerrero ("Guerrero Decl."), Ex. A. at 1.) The loan was guaranteed by the VA and secured by a deed of trust. (Doc. No. 7, Ex. A at 1, 22.) Applicant signed a promissory note on or about February 23, 2013, promising that he would pay Guild Mortgage back for the money it lent to him. (*Id.*, Ex. B.) Neither the promissory note nor the deed of trust contained an arbitration provision. (*Id.*, Exs. A, B; Guerrero Decl. at ¶ 9.)

Applicant fell into default on the loan, and on November 8, 2017, Guild Mortgage caused a notice of default to be recorded against the property. (Doc. No. 7, Ex. C; Guerrero Decl. at ¶ 5.) The notice of default notified Applicant that he was delinquent on his mortgage payments in the amount of $10,241.59 as of November 3, 2017. (*Id.*, Ex. C.) Applicant did not bring his loan current and, on May 15, 2018, Guild Mortgage caused a notice of trustee's sale to be recorded against the property. (Doc. No. 7, Ex. D.) Applicant did not bring his loan current, and the property was sold at a public trustee's sale on November 14, 2018. (Guerrero Decl. at ¶ 7.)

<u>Application for Confirmation of Arbitration Award</u>

Applicant initiated this action on November 7, 2019, by filing a "Special Action for Confirmation of Arbitration Award" and "Application for Arbitration." [2] (Doc. No. 1.) Accompanying the application are Applicant's memorandum of law, affidavit, and exhibits related to a purported arbitration award entered in his favor against Guild Mortgage (and the VA), on April 18, 2019. (*Id.*; Doc. No. 2.)

The arbitration award purports to have been issued by a company called "HMP Arbitration Association" and is signed by an arbitrator named Robert Presley, located in

---

[2] On July 12, 2019, Applicant sought to register the purported arbitration award in the Middle District of Tennessee, Case No. 3:19-mc-00019. (Doc. No. 2 at ¶ 8; Doc. No. 6 at 6.)

Bakersfield, California. (Doc. No. 1 at 5, 13-14; Doc. No. 2 at 1.) According to the award, an arbitration was held "administratively due to default nature of Respondents(s)," Guild Mortgage and the VA. (Doc. No. 1 at 11.) The arbitrator indicated that Guild Mortgage (and the VA) did not file any responses to Applicant's claim, which requested $678,000, as the reported value of a contract. The arbitrator also indicated that Guild Mortgage (and the VA) did not object to the arbitration or the appointment of the arbitrator. (*Id.*)

Applicant claims in an attached affidavit that he "is party to an arbitration agreement with GUILD MORTGAGE COMPANY and DEPARTMENT OF VETERANS AFFAIRS – LOAN GUARANTY SERVICE dated March 5, 2019." (Doc. No. 2 at ¶ 1.) No such agreement dated March 5, 2019 is attached to the affidavit. Instead, Applicant appears to be referring to Exhibit 2 to his application as the purported arbitration agreement. (Doc. No. 1 at 37-54.) Exhibit 2 is entitled "Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer," references "Contract # 8104317140-JAVR-B96555.01," and is dated March 5, 2019. (*Id.* at 37, 38.) It is addressed to Guild Mortgage (and the VA) from the Applicant, and states in part as follows:

> To the Holder in Due Course and/or agent and/or representative,
>
> I JORGE A. VARGASRIOS :Jorge-Alberto: Vargas-Rios and associates have received your offer and accept your offer under the following terms and conditions-
>
> **That you provide the following proof of claim, your failure to provide proof of claim, and to accept payment for credit on account shall constitute a breach of this binding self-executing irrevocable contractual agreement coupled with interest and subject the breaching party to fines, penalties, fee, taxes and other assessments.**

(*Id.* at 38) (emphasis in original). This document—which is signed only by the Applicant—contains various statements of purported claims, theories, and arbitration provisions, and provides that, by refusing to respond, Guild Mortgage "through 'tacit acquiescence'" agreed to the statements, including an arbitration provision. (*Id.* at 48-49, 54.)

Guild Mortgage opposed the instant application for confirmation of the arbitration award, primarily contending that the Court should refuse to confirm the "fraudulent award" because Guild Mortgage never agreed to arbitrate disputes with the Applicant. (Doc. Nos. 6, 29.) Guild

Mortgage also contends that several courts have recognized that awards issued by the same arbitrator in this action--Robert Presley—and HMP Arbitration—are fraudulent and obvious shams, citing, among others, Order of United States District Court for the District of Utah dated Nov. 13, 2019 in *In re the Matter of: Arbitration Award of Robert Presley of HMP Arbitration Services, Dated June 6, 2019, James B. Wicker*, Case No. 4:19-cv-00088-DN-PK. (Doc. 29-2, Ex. B.)

Applicant moved to strike Guild Mortgage's initial opposition to the confirmation of the arbitration award. (Doc. No. 12.) Applicant also replied to Guild Mortgage's subsequent June 26, 2020 opposition on July 16 and July 20, 2020. (Doc. Nos. 31, 32.) The crux of Applicant's argument is that Guild Mortgage did not timely object to the arbitration by seeking to vacate or modify the award under the provisions of the FAA, and the Court therefore lacks discretion to deny the award. (Doc. No. 31 at 2, 5.) Applicant also suggests that the arbitrator determined there was an enforceable arbitration agreement based on the failure of Guild Mortgage to file a response to "claim 8104318140-JAVR-B96555.01" and the failure to object to arbitration. (*Id.* at 5; Doc.1 at 17.)

**Discussion**

Applicant asks the court to affirm the arbitration award under the FAA, which permits a court to confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration...." 9 U.S.C. § 9. To obtain confirmation of an award, the FAA requires the moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13. Generally, judicial review of an arbitration award is limited and highly deferential under the FAA. *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (concluding that courts "must" confirm an arbitration award unless the court vacates, modifies or corrects the award as prescribed in 9 U.S.C. §§ 10, 11). However, the threshold issue of the existence of an agreement to arbitrate is properly one for the courts to decide. *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052,

1056 (9th Cir. 2018) (concluding that challenges to the existence of an arbitration agreement are properly directed to the court).

The Supreme Court and Ninth Circuit have repeatedly admonished that "arbitration is strictly a matter of consent." *Casa del Caffe Vergnano S.P.A. v. ItalFlavors*, LLC, 816 F.3d 1208, 1211 (9th Cir. 2016) (quoting *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 299 (2010)). "[O]nly those who have agreed to arbitrate are obliged to do so." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009). When determining whether a valid contract to arbitrate exists, courts apply state law principles that govern contract formation. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014) (applying California state law to determine if a valid arbitration agreement existed under FAA).

In this case, Applicant has not filed evidence of any arbitration agreement between Guild Mortgage and Applicant. Applicant's apparent position that Guild Mortgage's failure to respond or agree to his March 5 letter resulted in a binding self-executing irrevocable contractual agreement or tacit acquiescence in the arbitration provisions is not tenable.[3] "It is a fundamental principle of contract law that silence does not constitute acceptance of a contract." *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2019 WL 6841741, at *4-5 (D. Ariz. Dec. 16, 2019) (citing Restatement (Second) of Contracts § 69 and various states' case law; vacating arbitration award based on unaccepted "counter-offer"). Under California law, silence in the face of an offer to contract is generally insufficient to form a contract. *Tiamson v. Equifax, Inc.*, No. 19-CV-08430-LHK, 2020 WL 3972582, at *4 (N.D. Cal. July 14, 2020). "Silence is not acceptance absent a prior course of conduct that requires a party to act or be bound." *Dozier v. Maispace*, No. C-05-1761 PVT, 2007 WL 518622, at *8 (N.D. Cal. Feb. 13, 2007) (citing *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002)). Here, Guild Mortgage did not sign the document or agree to its terms. There is no suggestion that Applicant and Guild

---

[3] Applicant's further argument that Guild Mortgage is precluded from opposing the application because it failed to pursue a motion to vacate under the FAA is equally untenable. *See, e.g.*, *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (rejecting argument that respondent required to file motion to vacate in separate action under FAA before court could consider vacating arbitration award).

Mortgage established a prior course of dealing that would make it reasonable to construe Guild Mortgage's failure to accept the terms of the March 5, 2019 letter as a contract.[4] In the absence of any valid arbitration agreement, the court therefore recommends that the application to confirm the arbitration award and the corresponding motion to strike Guild Mortgage's answer be denied.

Courts have dismissed or rejected similar actions seeking to confirm arbitration awards involving arbitrator Robert Presley and HMP Arbitration as sham awards. *See, e.g., In re Matter of: Arbitration Award of Robert Presley of Hmp Arbitration Servs.*, No. 4:19-CV-00088-DN-PK, 2019 WL 10817149, at *2 (D. Utah Nov. 13, 2019) (finding purported arbitration award issued by Robert Presley of Hmp Arbitration Services an "obvious sham" where arbitration agreement based on theory of tacit approval and dismissing action with prejudice), aff'd sub nom. *Wicker v. Bayview Loan Servs., LLC*, No. 19-4169, 2021 WL 270974 (10th Cir. Jan. 27, 2021); *Graves v. Select Portfolio Servicing, Inc.*, No. 2:20-CV-00458-DB-JCB, 2020 WL 7365662, at *4 (D. Utah Nov. 9, 2020) (finding "HMP" is a "sham arbitrator," citing cases, and recommending dismissal of action to confirm arbitration award be dismissed with prejudice), *report and recommendation adopted*, No. 2:20-cv-00458-DAK-JCB, 2020 WL 7352736 (D. Utah Dec. 15, 2020); *see also Orman*, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (denying application to enforce arbitration award issued by Robert Presley of HMP Dispute Resolution in absence of agreement to arbitrate).

**<u>Conclusion and Recommendations</u>**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. The application to confirm arbitration award (Doc. No. 1) and Applicant's motion to strike (Doc. No. 12) be denied;
2. The Clerk of the Court be directed to enter judgment accordingly and terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

[4] This is particularly true given that the subject property already had been sold on November 14, 2018, at a public trustee's sale.

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2021**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE